UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | No. 5:13-CR-123-KKC-HAI-7 |
| ) | |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| LASHAWN DEWAYNE HOPKINS, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant LaShawn Hopkins, proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 to vacate his sentence. D.E. 449. The matter was assigned to the undersigned in accordance with Rule 4 of the Rules Governing Section 2255 Cases for the purposes of conducting a preliminary review. *See* Rules Governing Section 2255 Cases, Rule 4. Having reviewed the motion in detail, it plainly appears that the motion is time barred and should be dismissed.

A one-year period of limitation applies to motions filed under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The statute provides that the limitation period begins to run from the latest of four specified dates, only one of which is relevant here: "the date on which the judgment of conviction becomes final." § 2255(f)(1).

On July 24, 2014, Chief Judge Caldwell entered a Judgment (D.E. 273) against Defendant following his guilty plea (D.E. 270). Defendant states that he did not appeal his conviction to the Sixth Circuit Court of Appeals. D.E. 449 at 2. Absent an appeal to the Sixth Circuit Court of Appeals, "the judgment becomes final upon the expiration of the period in

which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castello v. United States,* 358 F.3d 424, 427 (6th Cir. 2004). Federal Rule of Appellate Procedure 4(b)(1)(A) provides that, in a criminal case, "a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." In this case, Defendant's conviction became "final" for purposes of § 2255(f)(1) on August 7, 2014, fourteen days after the Judgment was entered. Thus, Defendant was required to file his motion on or before August 7, 2015.

Defendant certifies in his motion that he placed it in the prison mail on May 24, 2017. D.E. 449 at 13. The envelope containing the motion was not postmarked until July 20. D.E. 449-1. But neither date complies with the statute of limitations, which expired in August 2015. The motion is therefore untimely and subject to dismissal.

However, before dismissing a matter on its own initiative, the Court "must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006); *accord Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015). "The long-standing general rule is that a court may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard." *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000).

For this reason, on July 27, 2017, the Court ordered Defendant to show cause why his petition should not be dismissed as time-barred. D.E. 453. As this Order explained:

> Defendant provided two answers to the question on the § 2255 form regarding timeliness. D.E. 449 at 12. First, he states, "Petitioner file[s] this claim under 2255, and under Rule 33[, which provides a] 3 year time limit." *Id*. He cites *In re Dean*, 341 F.3d 1247, 1248 (11th Cir. 2003), but it is not clear how this case is relevant. *Id*. *Dean* concerns second or successive § 2255 motions. This is Defendant's first post-conviction motion.

> As Defendant acknowledges, this is a § 2255 motion, which is not the same as a motion under Federal Rule of Criminal Procedure 33. Rule 33 pertains to motions for a new trial. The Rule provides that such motions must be filed "within 14 days after the verdict or finding of guilty" or within three years after the verdict if the motion is based on newly discovered evidence. The motion under consideration was not filed within fourteen days of the finding of guilt. And, even if this were a motion for a new trial, because Defendant does not allege the discovery of new evidence, he could not rely on the three-year deadline.
>
> Second, Defendant states that he "was detained to do state time before doing his federal conviction which started 1 year ago." D.E. 449 at 12. Whether Defendant served state time prior to his incarceration on the federal conviction is not relevant. Section 2255(f)(1) ties his one-year statutory deadline to the date his judgment of conviction became final.

*Id*. at 2-3.

Defendant timely responded to the show cause order. D.E. 455. He states:

> At the time of my guilty plea my counsel advised me that I have waive[d] the right to appeal the guilty plea, conviction, and sentence. Once I took my plea my Federal time did not start because I was under The Michigan Department of Corrections Jurisdiction in which I served 2 years after I took my federal plea. On 06-15-2016 is when I became under federal Jurisdiction and was sent here to Beckley Federal Correctional Institution[.]

*Id*.

As the Court noted in its prior order (D.E. 453), Defendant's one-year limitations period for filing a § 2255 motion began on "the date on which the judgment of conviction bec[ame] final." 28 U.S.C. § 2255(f)(1). The statute does not provide an exception for defendants who serve their time in state custody before their time in federal custody.

Because it plainly appears that Defendant's § 2255 petition is barred by the statute of limitations, the undersigned **RECOMMENDS** that it be **DISMISSED** as time-barred.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. *See* 28 U.S.C. § 2253(c)(2). When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, Defendant's failure to comply with the statute of limitations is unambiguous.  Because he offers no reason why 28 U.S.C. § 2255(f)(1) should not apply in his case, the untimeliness of his petition is not debatable.

Any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition.  The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  *See also* Rules Governing Section 2255 Proceedings, Rule 8(b).  Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 10th day of August, 2017.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge