UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 5:13-123 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| LaSHAWN DEWAYNE HOPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on two motions by defendant LaShawn DeWayne Hopkins. The first is Hopkins' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 449). The magistrate judge has recommended that the Court dismiss the motion as time barred. (DE 456). Hopkins has not filed any objections to the recommendation. The Court has reviewed the recommendation and agrees with its analysis and conclusions. Accordingly, the recommendation will be adopted as the Court's opinion.

Hopkins has also filed a motion (DE 459) asking that he receive credit toward his sentence for the time he served in federal custody prior to his sentencing. Hopkins pleaded guilty to conspiring to distribute 100 grams or more of heroin. The Court sentenced him to 120 months by judgment dated June 24, 2014 (DE 273). This was the minimum mandatory sentence under 21 U.S.C. § 841(b)(1)(B) because Hopkins had a prior felony drug conviction. (DE 91, § 851 Notice.)

Whether a defendant is entitled to credit for time served on a federal sentence is controlled by 18 U.S.C. § 3585(b). The language of that statute reads:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

However, "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Thus, any request for credit for time served prior to sentencing under 18 U.S.C. § 3585(b) must first be made to the Attorney General through the BOP upon imprisonment after sentencing. *Rogers v. United States*, 180 F.3d 349, 357–58 (1st Cir. 1999).

Thus, Hopkins must first request credit for time served through the BOP's administrative process. *See* 28 C.F.R. § 542.10–16. If, after exhausting all BOP procedures, Hopkins is dissatisfied with the BOP's final decision, he may seek judicial review of it by filing a petition under 28 U.S.C. § 2241. *See Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999).

Accordingly, the Court hereby ORDERS as follows:

1) Hopkins' motion for credit for time served (DE 459) is DENIED;

2) The magistrate judge's recommended disposition (DE 456) on Hopkins' motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is ADOPTED as the Court's opinion; and

3) Hopkins' motion to vacate, set aside or correct his sentence (DE 449) under 28 U.S.C. § 2255 is DISMISSED.

Dated July 25, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY