UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO. 5:13-123 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| LaSHAWN DEWAYNE HOPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the second motion (DE 528) by defendant LaShawn Dewayne Hopkins requesting that the Court order his release from prison. Hopkins pleaded guilty to conspiring to distribute 100 grams or more of heroin. The Court sentenced him to 120 months by judgment dated June 24, 2014 (DE 273). This was the minimum mandatory sentence under 21 U.S.C. § 841(b)(1)(B) because Hopkins had a prior felony drug conviction. (DE 91, § 851 Notice.)

He moves the Court to modify that sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." In his motion, Hopkins expresses concerns about the the novel coronavirus disease, COVID-19, and the risk of infection while incarcerated. He also asserts that he has asthma.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), a motion for compassionate release could be brought by only the director of the Bureau of Prisons (BOP), not the defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility

received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. This is because the statute says that a "court may not" grant compassionate release unless the defendant files his motion after one of the two events has occurred. *Id*. Further, the Sixth Circuit ruled that this Court cannot find exceptions to the mandatory condition. *Id*. at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.")

In its response to Hopkins' motion, the government argues that the Court cannot grant compassionate release in his case because he has not waited the mandatory 30 days to file the motion and he has not exhausted his administrative remedies. This is a proper invocation of the mandatory condition. *Id*. (finding no waiver or forfeiture of the mandatory condition where the government timely objected to defendant's "failure to exhaust.")

In *Alam*, the Sixth Circuit determined that the statute "imposes a requirement on prisoners before they may move on their own behalf: They must 'fully exhaust[ ] all administrative rights' *or else* they must wait for 30 days after the warden's 'receipt of [their] request.'" *Id*. at 833 (emphasis added) (quoting 18 U.S.C. § 3582(c)(1)(A)).

With his motion, Hopkins attaches a memorandum dated October 14, 2020 in which the warden at his facility denied his request for compassionate release. (DE 528-1, Mem.) Hopkins has not presented any evidence that he "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A).

As to his alternative path to federal court, while the warden's denial of Hopkins' compassionate-release request is dated October 14, 2020, the date that matters under the statute is the date that the warden received the request. Hopkins must wait 30 days after that date to file a compassionate-release motion. Hopkins does not state in his motion the date that he served his request on the warden nor is there any evidence in the record of when the warden received it. The defendant bears the burden to show he has exhausted his administrative remedies and is entitled to compassionate release. *United States v. McDonald*, No. 94-CR-20256-1, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020). Based on the record before it, the Court cannot find that Hopkins has met this burden.

In *Alam*, the Sixth Circuit determined that the appropriate ruling in this situation is to deny the motion without prejudice and permit the defendant to "refile with the benefit of whatever additional insight he may have gleaned" since he filed the original motion. *Alam*, 960 F.3d at 836.

Accordingly, the Court hereby ORDERS that Hopkins' motion for compassionate release (DE 528) is DENIED without prejudice.

Dated December 14, 2020

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY