UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO. 5:13-123 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| LaSHAWN DEWAYNE HOPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the third motion (DE 553) to modify his sentence filed by defendant LaShawn Dewayne Hopkins. In addition, Hopkins has written a letter to the Court (DE 555) in which he requests that the Court order the Bureau of Prisons (BOP) to give him credit for time spent in federal custody prior to his sentencing by this Court.

Hopkins pleaded guilty to conspiring to distribute 100 grams or more of heroin. The Court sentenced him to 120 months by judgment dated July 24, 2014 (DE 273). This was the minimum mandatory sentence under 21 U.S.C. § 841(b)(1)(B) because Hopkins had a prior felony drug conviction. (DE 91, § 851 Notice.) The parties agree that Hopkins' guideline range was 262 to 327 months.

He moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, the first question is whether Hopkins was sentenced based on a sentencing range that the Sentencing Commission lowered after the sentencing. He was not.

In his motion, Hopkins mentions section 404 of the First Step Act. That Act became effective on December 21, 2018, which was years after Hopkins was sentenced. It included numerous reforms, but the only provision of the Act that applies retroactively to defendants like Hopkins who were sentenced before it became effective is Section 404. *See United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019). That section permits district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010. Pub. L. 111-220, 124 Stat. 2372 (2010).

As to the sentencing revisions made by the Fair Sentencing Act, Section 2 of the Act increased the quantity of crack cocaine that triggered mandatory minimum penalties. Section 3 of the Act eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine. Thus, any defendant sentenced for a crack cocaine offense before the effective date of the Fair Sentencing Act of 2010 who did not receive the benefit of the statutory penalty changes made by that Act is eligible for a sentence reduction under the First Step Act.

The Fair Sentencing Act became effective in 2010. Hopkins was not sentenced until 2014. Thus, to the extent that the Fair Sentencing Act applied to his sentence, he would have already received the benefits of it. Further, the Fair Sentencing Act revised statutory sentences for offenses involving crack cocaine. Hopkins was convicted of conspiring to distribute heroin. Thus, Section 404 of the First Step Act has no impact on Hopkins' sentence.

Hopkins also argues that he is entitled to compassionate release because COVID poses a particular danger to him. The Court assumes he makes this request pursuant to 18 U.S.C. § 3582(c)(1)(A), which permits this Court to "reduce the term of imprisonment" and "impose a

term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). The Court may grant this relief if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020). Thus, district courts have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id*.

Hopkins, however, does not set forth any circumstances that the Court could find extraordinary and compelling. The evidence does not support that COVID poses any greater danger to Hopkins than other inmates. He has asthma, but the medical records indicate it is in remission. Further, a vaccine for COVID is now available that significantly reduces the risk of death or hospitalization from the disease. The government has produced evidence that the BOP offered Hopkins the COVID vaccine, but he refused it. There is no evidence that he has been advised that any medical condition would prevent him from taking the vaccine. The Court cannot find that any risks that Hopkins has due to COVID are extraordinary and compelling circumstances when a vaccine against that disease has been offered to him, but he has refused to take it. Any such ruling would discourage prisoners from accepting the vaccine, which would increase the COVID risks in prison. This cannot be the intent of the compassionate release statute.

Hopkins also asserts that certain personal circumstances present extraordinary and compelling reasons for his release. He states that his mother recently passed away and that he is the provider for his younger siblings and his three children. Hopkins does not assert that his mother was the caregiver for his children. The Court understands that losing one's parent is never easy and offers its sincere condolences to Hopkins. Nevertheless, the Court cannot find that this presents a circumstance so extraordinary from that of other inmates that it warrants his release from prison.

Even assuming extraordinary and compelling circumstances existed here, however, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 2020 WL 6817488, at *6. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

(3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar

records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Hopkins' sentencing and has reconsidered them for this motion. Hopkins was convicted of a serious drug offense involving a large amount of heroin. He has a troubling history that includes violent felonies. Hopkins mentions sentencing disparities in his motion. However, the Court sentenced him to almost 12 years less than the minimum applicable guidelines range. Considering the § 3553(a) factors, for the reasons stated in this opinion and at the time of Hopkins' sentencing, it is not appropriate to order his release at this time.

In a letter (DE 555) addressed to the Court, Hopkins asks that the Court order the BOP to give him credit towards his federal sentence for time spent in federal custody prior to his sentencing. A federal statute requires that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

However, "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Any request for credit for time served prior to sentencing under 18 U.S.C. § 3585(b) must first be made to the Attorney General through the BOP upon imprisonment after sentencing. *Rogers v. United States*, 180 F.3d 349, 357–58 (1st Cir. 1999). Thus, Hopkins

must first request credit for time served through the BOP's administrative process. See 28 C.F.R. § 542.10–16. If, after exhausting all BOP procedures, Hopkins is dissatisfied with the BOP's final decision, he may seek judicial review of it by filing a petition under 28 U.S.C. § 2241. *See Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999).

In his letter Hopkins asserts that he requested that the BOP correct his sentence. However, he presents no evidence that he has pursued the BOP's administrative process to a final decision. Further, a petition under § 2241 must be filed in the district court with jurisdiction where he is currently incarcerated, which is in West Virginia. *Anderson v. Warden, FCI Texarkana*, 48 F. App'x 118, 119 (6th Cir. 2002).

For all these reasons, the Court hereby ORDERS that Hopkins' motion to modify his sentence and motion for release from custody under 18 U.S.C. § 3582 (DE 553) are DENIED. The Court further orders that Hopkins' motion (DE 555) requesting that the Court order the BOP to give him credit for time spent in federal custody is also DENIED.

This 27th day of January, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY